UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-575-FDW

| | |
|---|---|
| DUANE L. FOX,[1]<br><br>       **Plaintiff,**<br><br>vs.<br><br>GREGORY HAYNES, et al.,<br><br>       **Defendants.** | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). Plaintiff is proceeding *in forma pauperis*, (Doc. No. 8). Plaintiff has filed a Motion to Appoint Counsel, (Doc. No. 3), and a Motion for Preliminary Injunction and Protective Order, (Doc. No. 4).

**I.**     **BACKGROUND**

*Pro se* Plaintiff filed the verified Complaint pursuant to 42 U.S.C. § 1983 while incarcerated at the Lanesboro Correctional Institution. She names as Defendants: Dr. Gregory Haynes, Psychologist Judd, North Carolina Department of Public Safety ("NDCPS") Director Kenneth E. Lassiter, NCDPS Executive Director Kimberly D. Grand, Regional Nurse Sherri Copple, and NCDPS Interim Chief Deputy Secretary Reuben Young.

Construing the Complaint liberally and accepting the allegations as true, Plaintiff had surgery for a bone spur on the left heel around December 22, 2017. Utilization Review ("UR") approved physical therapy following the surgery in June or July 2018. After a few months, Plaintiff

---

[1] A/K/A Jennifer Ann Jasmaine.

1

asked "medical" why no physical therapy had been provided and Plaintiff was told that "no facility will accept her." (Doc. No. 1 at 14). Plaintiff filed request forms and a grievance and was told that she would be transferred when a bed is found. Plaintiff filled out several sick-call forms over the course of three weeks explaining that the right foot, which also needed surgery, was going numb. Dr. Haynes disregarded Plaintiff's need for physical therapy. Plaintiff was told by the "foot doctor at Central Prison" that she cannot have surgery on the right foot until having therapy on the left foot and is able to walk without a medical boot. (Doc. No. 1 at 15).

Psychologist Judd has disregarded Plaintiff's mental health issues. Plaintiff is "Level III mental health with serious mental health diagnosis" who was at an inpatient unit at Central Prison shortly after coming to Lanesboro. (Doc. No. 1 at 8, 15). Mental health felt that Plaintiff needed Therapeutic Control ("TDU"), a status that recognizes the need for security as well as mental illness treatment, after Plaintiff went on ICON[2] status around June 4. (Doc. No. 1 at 15). The conditions of confinement and control status can be altered using established procedures outlined in this policy and developed and adopted by the facility's inpatient/mental health services. Housing assignment for inmates assigned to ICON, where it has been determined by mental health staff that there is a need for residential mental health housing, as the inmate cannot be treated on an outpatient basis, will be provided by transfer to a residential facility designated to provide those services. Inmates assigned to ICON who have been diagnosed with mental illness are evaluated by mental health staff to determine if they meet the requirements for TDU. If so, mental health staff at a facility designated for TDU will be contacted and, if TDU staff agrees, the inmate will be transferred as soon as possible. If there is a disagreement about the appropriateness of a case

---

[2] ICON stands for "Intensive Control." See Burgess v. Hamm, 2012 WL 4018979 at *5 (E.D.N.C. Sept. 12, 2012); Fed. R. Ev. 201.

for TDU the Director of Mental Health Services makes the final decision. Now Plaintiff has been recommended for another 180 days on ICON and still has not been sent to a prison with the TDU program.

Defendants Lassiter, Grand, Copple, and Young were made aware on October 14, 2018 that mental health felt Plaintiff needed TDU and TDU was being denied but ignored these issues.

Plaintiff's medical need is serious as it has been diagnosed by a physician as mandating treatment. Plaintiff filled out request forms, grievances, and wrote letters to officials so they had knowledge of the need. Once the officials knew about Plaintiff's serious medical need, treatment should have been provided. Plaintiff repeatedly asked for medical care and received none, "then suffered a serious injury." (Doc. No. 1 at 13). The delay in treatment was medically unjustified and "clearly likely to make [Plaintiff's] medical problem worse or result in a lifelong handicap or permanent loss." (Doc. No. 1 at 13-14)

Plaintiff seeks declaratory judgment, preliminary and permanent injunctive relief, compensatory and punitive damages, a jury trial, costs, and any additional relief that the Court deems just, proper, and equitable.

## II.    SCREENING STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure

to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A pro se complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

**IV. DISCUSSION**

"Prisoners alleging that they have been subjected to unconstitutional conditions of confinement must satisfy the Supreme Court's two-pronged test set forth in Farmer v. Brennan[, 511 U.S. 825 (1994)]." Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016). First, "Farmer's

4

objective prong requires plaintiffs to demonstrate that 'the deprivation alleged [was], objectively, sufficiently serious.'" Scinto, 841 F.3d at 225. In order to be sufficiently serious, the deprivation must pose "a serious or significant physical or emotional injury resulting from the challenged conditions," or "a substantial risk of such serious harm resulting from ... exposure to the challenged conditions." De'lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks and citation omitted).

As applied to prisoners, this constitutional guarantee encompasses a right to medical care for serious medical needs, including psychological needs. See Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). To state a case of deliberate indifference to a serious medical need, a plaintiff must show that he had serious medical needs and that the defendant acted with deliberate indifference to those needs. Heyer v. United States Bureau of Prisons, 849 F.3d 202, 210 (4th Cir. 2017) (citing Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008)). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241 (internal quotation marks omitted). To constitute deliberate indifferent to a serious medical need, "the treatment [a prisoner receives] must be so grossly incompetent, inadequate, or excessive to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), *overruled on other grounds by* Farmer, 511 U.S. at 825. However, "mere '[d]isagreements between an inmate and a physician over the inmate's proper medical care' are not actionable absent exceptional circumstances." Scinto, 841 F.3d at 225 (quoting Wright v. Collins, 766 F.2d 841, 840 (4th Cir. 1985)).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106. To

be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837; Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), *aff'd*, 535 F.2d 1250 (4th Cir. 1976).

Plaintiff alleges that she has been prescribed physical therapy that she has not received and that the delay is exacerbating her condition and making surgery on her other foot impossible. Plaintiff also alleges that her serious and psychological needs are not being met with recommended treatment. Plaintiff alleges that the supervisory Defendants are aware of the delays in treatment and have not acted to correct the problems. Plaintiff has adequately stated claims for deliberate indifference to her serious physical and psychological needs against her health care providers as well as the supervisory Defendants. Therefore, these claims and the will be permitted to proceed.

## V. PENDING MOTIONS

**(1) Motion to Appoint Counsel**

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987).

In support of the Motion, Plaintiff states that she cannot afford a lawyer, her imprisonment will greatly limit her ability to litigate the case which will likely involve substantial investigation and discovery, the issues in the case are complex and a lawyer would help Plaintiff apply the law properly to the Court, a trial will likely involve conflicting testimony and a lawyer would assist

Plaintiff in presenting evidence and cross-examining witnesses, and Plaintiff does not have access to a law library and Prison Legal Services will not help.

The record reflects that Plaintiff has been able to adequately represent herself in these proceedings. This case does not present exceptional circumstances that justify appointment of counsel. Therefore, Plaintiff's motion seeking the appointment of counsel will be denied.

**(2)** **Preliminary Injunction**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citing Munaf v. Geren, 553 U.S. 674, 689-90 (2008)). A preliminary injunction is a remedy that is "granted only sparingly and in limited circumstances." MicroStrategy, Inc. v. Motorola, Inc., 245 F.3d 335, 339 (4th Cir. 2001) (quotations omitted).

To obtain a preliminary injunction, a movant must demonstrate: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. DiBiase v. SPX Corp., 872 F.3d 224, 230 (4th Cir. 2017) (quoting Winter, 555 U.S. at 20).

The typical preliminary injunction is prohibitory and generally seeks only to maintain the status quo pending a trial on the merits. See Pashby v. Delia, 709 F.3d 307, 319 (4th Cir. 2013). By contrast, a mandatory injunction "goes well beyond simply maintaining the status quo *pendent lite*, is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." Taylor v. Freeman, 34 F.3d 266, 270 n. 2 (4th Cir. 1994) (quoting Martinez v. Matthews, 544 F.2d 1233, 1243 (5th Cir. 1976)). A mandatory injunction is warranted in only the most extraordinary circumstances. Id. (citing Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)). Further, it is well established that "absent the most extraordinary circumstances, federal

courts are not to immerse themselves in the management of state prisons or substitute their judgment for that of the trained penological authorities charged with the administration of such facilities." Taylor, 34 F.3d at 268; see Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982) ("judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.").

Plaintiff seeks the physical therapy that has been approved by UR, the denial of physical therapy is holding up surgery on the right foot which is going numb. Further, Plaintiff was an inpatient in mental health before coming to Lanesboro for attempted suicide. A short time after arriving at Lanesboro, Plaintiff was placed on ICON and mental health staff recommended the TDU program. Plaintiff has borderline personality disorder which is being treated with olanzapine and buspirone.

Plaintiff's allegations are too conclusory to support relief and she has not demonstrated that she is likely to succeed on the merits or suffer irreparable harm in the absence of preliminary relief. Therefore, the Motion seeking preliminary injunctive relief will be denied.

## VI. CONCLUSION

For the reasons stated herein, the Complaint has passed initial review on claims of deliberate indifference to serious medical and psychological needs. However, Plaintiff's Motions seeking the appointment of counsel and preliminary injunctive relief are denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint, (Doc. No. 1), has passed initial review on Plaintiff's claims of deliberate indifference to serious medical and psychological needs pursuant to 28 U.S.C. § 1915.

2. Plaintiff's Motion to Appoint Counsel, (Doc. No. 3), is **DENIED**.

3. Plaintiff's Motion for Preliminary Injunction and Protective Order, (Doc. No. 4), is **DENIED**.

4. **IT IS FURTHER ORDERED THAT** the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for Defendants **Dr. Gregory Haynes, Psychologist Judd, NCDPS Director Kenneth Lassiter, NCDPS Executive Director Kimberly D. Grand, Regional Nurse Sherri Copple,** and **NCDPS Chief Deputy Secretary Reuben Young**, who are current or former employees of NCDPS.

Signed: February 14, 2019

Frank D. Whitney
Chief United States District Judge