# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:18-cv-575-FDW

| | |
|---|---|
| JENNIFER ANN JASMAINE f/k/a DUANE L. FOX,<br><br>      Plaintiff,<br><br>vs.<br><br>GREGORY HAYNES, et al.,<br><br>      Defendants. | **ORDER** |

**THIS MATTER** is before the Court on the North Carolina Department of Public Safety's ("NCDPS") sealed Notice, (Doc. No. 17), informing the Court that it has been unable to procure a waiver of service of process for Defendants Gregory Haynes, FNU Judd, Kenneth Lassiter, and Rubin Young.

NCDPS has identified the last known addresses for Gregory Haynes, Kenneth E. Lassiter, and Reuben F. Young, who are no longer employees of NCDPS from whom an executed waiver of service could be obtained. Upon a search of its records, NCDPS has determined that FNU Judd is in fact Michael W. Judd who is not an employee of NCDPS but is believed to be a contractual psychologist who was employed by National Healthcare Solutions, which has been notified and advised of this lawsuit. In addition, NCDPS has provided the last known address for Defendant Judd.

The Clerk of Court is directed to notify the U.S. Marshal that Defendants Haynes, Lassiter, Young, and Judd need to be served with the summons and Complaint, (Doc. No. 1), in accordance with Rule 4 the Federal Rules of Civil Procedure. If Defendants cannot be served at the addresses

1

provided by the NCDPS, the U.S. Marshal shall be responsible for locating their home addresses so that they may be served. See 28 U.S.C. § 1915(d) (in actions brought *in forma pauperis* under § 1915(d), "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases"); Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States Marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915…."). If the U.S. Marshal is unable to obtain service on Defendants, the U.S. Marshal shall inform the Court of the reasonable attempts to obtain service. The U.S. Marshal shall not disclose Defendants' home addresses to the *pro se* incarcerated Plaintiff and shall file any document containing such address under seal.

**IT IS THEREFORE ORDERED that:**

(1) The U.S. Marshal shall use all reasonable efforts to locate and obtain service on **Defendants Gregory Haynes, Kenneth E. Lassiter, Reuben F. Young,** and **Michael W. Judd**. If the U.S. Marshal is unable to obtain service on Defendants, the U.S. Marshal shall inform the Court of the reasonable attempts to obtain service.

(2) The Clerk of Court is respectfully instructed to mail a copy of the Complaint, (Doc. No. 1), the Sealed Notice containing Defendants' last known addresses, (Doc. No. 17), and this Order to the U.S. Marshal.

Signed: November 19, 2019

Frank D. Whitney
Chief United States District Judge